UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE EARTH, *et al.*,

    *Plaintiffs*,

v.

DEBRA A. HAALAND, *et al.*,

    *Defendants.*

Civil Action No. 21-2317 (RDM)

## ORDER

Now before the Court is the State of Louisiana's motion to intervene, Dkt. 13, which both Plaintiffs, Dkt. 20, and Defendants, Dkt. 21, oppose in part. For the following reasons, the Court will **GRANT** Louisiana's motion.

On August 31, 2021, Plaintiffs, four environmental organizations, filed this action against two federal agencies and two federal officials, challenging the decision to hold an offshore oil and gas lease sale covering significant portions of the Gulf of Mexico. Dkt. 1 at 2, 4–10 (Compl. ¶¶ 1, 12–21). Plaintiffs ask the Court to (1) declare that this decision violates the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*; (2) vacate the decision to hold the lease sale; and (3) vacate or enjoin any leases issued pursuant to the sale. *Id.* at 4 (Compl. ¶ 8). On September 13, 2021, the State of Louisiana moved to intervene. Dkt. 13. According to Louisiana, Plaintiffs' desired relief would conflict with an order the State secured against the federal government in the Western District of Louisiana, under which—at least in Louisiana's telling— the lease sale challenged by Plaintiffs in this suit must go forward. *See id.* at 1, 8–10. Louisiana

moves to intervene to protect, among other interests, its "statutory right to lease-sale revenues" under the proposed leases. *Id.* at 1; *see also id.* at 23.

Louisiana seeks both intervention as of right and permissive intervention. *Id.* at 22–23. But because the Court concludes that the State is entitled to intervene as of right, the Court's analysis begins and ends with that question. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). Intervention as of right is governed by Federal Rule of Civil Procedure 24(a)(2), which provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). This Rule embodies "four prerequisites" to intervention as of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quotation marks omitted).

Louisiana's showing with respect to the first three elements is uncontested. Defendants, however, dispute the fourth element, arguing that Louisiana has failed to show that the federal government's defense of the case will leave the State's interests without adequate representation. Dkt. 20 at 6–10. But, as Louisiana correctly notes, Dkt. 23 at 4, this factor does not present a high bar, *see, e.g.*, *Fund for Animals*, 322 F.3d at 736–37 & n.6. The "requirement . . . is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). Here, particularly given the history of the litigation

before the Western District of Louisiana between the federal government and Louisiana, the Court is persuaded that "there is sufficient doubt about the adequacy of representation to warrant intervention." *Id.* at 538.

The Court further concludes that Louisiana satisfies the remaining (uncontested) requirements for intervention as of right. Its motion was filed only two weeks after Plaintiffs brought suit and is unquestionably timely. Louisiana has also demonstrated that it has a legally protected interest in the lease-sale revenues and that Plaintiffs' claims threaten to impair that interest. Finally, the Court is persuaded—for similar reasons—that Louisiana has Article III standing to intervene as of right. *See, e.g.*, Dkt. 13 at 12–13 (describing the State's expected revenue from the anticipated oil and gas leasing); *see also Amgen Inc. v. Hargan*, 285 F. Supp. 3d 397, 406 (D.D.C. 2017) ("Under controlling D.C. Circuit precedent, a movant seeking to intervene as of right pursuant to Rule 24(a) must possess Article III standing.").

The Court will, accordingly, grant Louisiana's motion for leave to intervene as of right.

Plaintiffs, nonetheless, urge this Court to impose a number of conditions upon Louisiana's participation. *See* Dkt. 21 at 11–15. Louisiana has agreed to at least one of these— that the State and the federal government should file their briefs concurrently. That concession is well-taken, since the Court would require concurrent filing by the aligned parties in any event. As for Plaintiffs' other proposed conditions, the Court will not impose any page limitations on the State's brief beyond those found in the Local Rules. Nor will the Court impose, in the abstract and before briefing commences, a prohibition on "new claims" or "collateral issues." Dkt. 21 at 14. The Court need not, at this juncture, identify those claims or issues that fall beyond the appropriate scope of this litigation.

In light of the Court's decision to grant Louisiana's motion to intervene as of right, and the federal government's representation that (according to its best estimate) "the earliest date a lease would be issued and effective is January 1, 2022," Dkt. 19-1 at 3 (Thomas Decl. ¶ 12), the Court will adopt the briefing schedule proposed by the parties in their joint status report, Dkt. 22.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Louisiana's motion to intervene, Dkt. 13, is **GRANTED**.  It is further **ORDERED** that (1) Louisiana shall file its motion to transfer on or before September 27, 2021; (2) Plaintiffs and the federal Defendants shall file their oppositions to the motion to transfer on October 6, 2021; (3) Louisiana shall file its reply in support of its motion to transfer on October 8, 2021; (4) the federal Defendants shall serve the administrative record on the parties and file a corresponding index with the Court on or before October 8, 2021; (5) Plaintiffs shall file their motion for summary judgment on or before October 13, 2021; (6) the federal Defendants and Louisiana shall file their oppositions to Plaintiffs' motion for summary judgment and their cross-motions for summary judgment, if any, on or before November 10, 2021; (7) Plaintiffs shall file their opposition to any cross-motions for summary judgment and their reply in support of their motion for summary judgment on or before November 24, 2021; (8) the federal Defendants and Louisiana shall file their replies in support of their cross-motions for summary judgment on or before December 10, 2021; and (9) Plaintiffs shall file a joint appendix on or before December 16, 2021.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  September 22, 2021