UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> DEBRA A. HAALAND, et al., <br><br> *Defendants*, <br><br> and <br><br> STATE OF LOUISIANA, <br><br> *Intervenor-Defendant.* | Case No. 21-cv-02317-RDM |

**PLAINTIFFS' RESPONSE TO THE AMERICAN PETROLEUM INSTITUTE'S MOTION TO INTERVENE**

Plaintiffs Friends of the Earth, et al. file this response to the American Petroleum Institute's ("API") motion to intervene as Defendants. Mot. Intervene, Dkt. 31 (Oct. 8, 2021). Plaintiffs do not object to API's request to intervene subject to three reasonable conditions. Plaintiffs respectfully request that the Court impose these reasonable limitations to ensure that API's participation does not unnecessarily duplicate arguments, complicate or delay this litigation, or create an undue burden on Plaintiffs and this Court.

The Supreme Court has established that "[a]n intervention of right under the amended Rule 24(a) may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings." *Stringfellow v. Concerned*

*Neighbors in Action*, 480 U.S. 370, 383 n.2 (1987); *see* Fed. R. Civ. P. 24(a) advisory committee's note on 1966 amendment ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."). Conditioning intervention for purposes of judicial efficiency is "a firmly established principle." *Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 352–53 (5th Cir. 1997); *see also San Juan Cnty. v. United States,* 503 F.3d 1163, 1189 (10th Cir. 2007) (recognizing Rule 24 permits "limitations on the scope of intervention"). "Even where intervention is a matter of right, district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action." *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 13 (D.D.C. 2010) (citations omitted). "The district court's discretion to impose reasonable restrictions on participation is consonant with its inherent power to manage the litigation before it, as well as a necessary instrument in accommodating the two conflicting goals of intervention: *i.e.*, 'to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.'" *Id*. (citations omitted); *accord W. Org. of Res. Councils v. Jewell*, Civ. No. 14-1993, 2015 WL 13711094, at *7 (D.D.C. July 15, 2015). Plaintiffs respectfully request that the Court impose three reasonable conditions should it allow intervention: (1) require Intervenors to file joint briefing or share page limits; (2) in the event Intervenors and Federal Defendants move for summary judgment, Plaintiffs be allowed to submit consolidated briefing in response to all motions with extended page limits; (3) bar API from bringing cross- or counter-claims or filing any other motions that are not already accounted for in the current briefing schedule.

  The first two conditions are warranted here because API has failed to meet its burden to demonstrate that Intervenor-Defendant State of Louisiana will not adequately represent its

interests in whole or in part. An intervenor must show "no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)). "The original burden of showing inadequate representation rests on the applicant for intervention." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). API has substantially similar economic interests to Intervenor State of Louisiana, yet API dedicates one sentence in its motion to asserting that although the "State of Louisiana has a financial interest in Lease Sale 257 going forward, Louisiana's interest are qualitatively different than the interests of API's in conducting exploration and production operations on the Gulf of Mexico OCS." Dkt. 31 at 23. API does not explain why it believes representation may be inadequate or how any purported incongruity in interests may manifest in divergent litigation approaches.

    To the extent API alleges that its economic interests will be impaired by a ruling in favor of Plaintiffs, that allegation substantially overlaps with the State of Louisiana's economic interests. Indeed, it is tied to the same leasing and development that the State advocates. Plaintiffs therefore respectfully ask the Court to impose two conditions that would prevent excessive briefing and the attendant burdens on the Court and the parties. Specifically, Plaintiffs ask that the Court: (1) require Intervenors to file joint briefing or share page limits; and (2) in the event Intervenors and Federal Defendants move for summary judgment, Plaintiffs be allowed to submit consolidated briefing in response to all motions with extended page limits adequate to address arguments in the three separate motions. These conditions would provide an equitable and adequate way for API to represent its interests in this case while avoiding the problems of excessive or extraneous briefing. *See, e.g.*, *Earthworks v. U.S. Dep't of the Interior*, No. 09-01972, at *3 (D.D.C. Aug. 3, 2010) ("In order to prevent excessive briefing in this case,

however, the Associations must submit joint motions and memoranda with the existing Intervenors."). Imposing page limits and consolidating briefing ensures "fair, efficacious, and prompt resolution of the litigation," and "prevent[s] the single lawsuit from becoming fruitlessly complex or unending." *Salazar,* 272 F.R.D. at 20–21 (imposing page limits, a requirement that intervenors justify making separate filings, and a requirement that intervenors submit a joint statement of facts). Further, it will help to ensure that multiple motions do not delay review and that Plaintiffs are not prejudiced. *See, e.g.*, *W. Org. of Res. Councils*, 2015 WL 13711094, at *7 (limiting intervenors to less than half the page limits provided by local rules).

Plaintiffs conferred with other parties in this case regarding conditions. Intervenor State of Louisiana and API do not consent to joint briefing or splitting pages at this time. All parties agree to Plaintiffs filing a consolidated response with reasonable adjustments to the page limit for response brief. The parties conferred on page limits for a consolidated brief but were unable to reach agreement before submitting this response. Plaintiffs will continue to work with the parties to propose page limits for a combined brief once the Court rules on API's motion for intervention.

Plaintiffs respectfully request that the Court impose a third condition to limit API's participation because API did not file a responsive pleading with its motion for intervention. Instead, it intends to seek an extension of time to file an answer. Dkt. 31-2. Fed. R. Civ. P. 24(c) requires a motion to intervene be accompanied by a pleading that sets out the claim or defense for which intervention is sought. The purpose of a responsive pleading is to "place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor." *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996); *Hughes v. Abell*, No. CV 09-220 (JDB), 2014 WL 12787807, at *7 (D.D.C. Feb. 10, 2014)

(affirming a magistrate's imposition of requirement under FRCP 24(c) because it "serves an important purpose" and "[i]t would have been helpful in determining the common claim or defense issue[s].").

In order to ensure the parties are on notice of API's position and will not be prejudiced, and to ensure that any extraneous motions will not delay resolution of this case, Plaintiffs respectfully request that this Court require API to confine its arguments to the existing claims in this action and to bar API from bringing cross- or counter-claims or filing any other motions that are not already accounted for in the current briefing schedule. *Cf. Friends of the Headwaters v. U.S. Army Corps of Eng'rs*, 2021 WL 1061162, at *4 (D.D.C. March 20, 2021) (barring intervenors from raising new claims or collateral issues); *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, 338 F.R.D. 1, at 6 (D.D.C. 2021) (barring intervenors from "inject[ing] new claims or stray into collateral issues"); *Salazar*, 272 F.R.D. at 21 (barring intervenors from raising new claims or collateral issues); *Hewett v. City of King*, No. 1:12CV1179, 2013 WL 12320076, at *3 (M.D.N.C. Sept. 23, 2013) (same); *W. Org. of Res. Councils*, 2015 WL 13711094, at *7 (same).

This condition, which will allow API to adequately represent its interests and foster the expeditious resolution of this case, is particularly important here. Plaintiffs conferred with prospective intervenor regarding this condition. API represented that it has no current plans or expectations of filing any other motion or seeking any other relief, beyond what is set forth in the current briefing schedule, but still reserves its right to revisit the issue in the event matters not currently addressed by the Court's scheduling order arise in this case. The Federal Rules expressly prohibit API from revealing its positions *after* being granted intervention. If API wishes to raise new claims or defenses, it must make those known now, when the Court and

parties can consider intervention. Given the expedited schedule that has already been ordered by this Court, Dkt. 24, API should not be allowed to make a run around the rule requirements. Because API has failed to comply procedurally or in spirit with FRCP 24 requirements, this Court should bar API from raising any different claims or filing extraneous motions later, after intervention is granted.

## CONCLUSION

These three conditions will provide an equitable and adequate way for Intervenors to represent their interests in this case, while avoiding problems of excessive briefing and promoting the timely resolution of the issues in dispute. Plaintiffs respectfully request that this Court impose these three conditions in any order granting intervention by API.

Respectfully submitted this 15th day of October, 2021.

*/s/ Brettny Hardy*
Brettny Hardy (*pro hac vice*)
EARTHJUSTICE
50 California St., Suite 500
San Francisco, CA 94111
415-217-2000 Telephone
415-217-2040 Fax
bhardy@earthjustice.org

Stephen D. Mashuda (DC Bar No. WA0005)
Shana Emile (*pro hac vice*)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 Telephone
415-217-2040 Fax
smashuda@earthjustice.org
semile@earthjustice.org

*Attorneys for Plaintiffs Friends of the Earth, Healthy Gulf, Sierra Club, Center for Biological Diversity*