# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRIENDS OF THE EARTH, *et al.* ) | No. 1:21-cv-02317-RC |
| ) |  |
| Plaintiff, ) | Judge Rudolph Contreras |
| ) |  |
| vs. ) |  |
| ) | **DEFENDANTS' RESPONSE TO** |
| DEBRA A. HAALAND, *et al.* ) | **THE COURT'S JANUARY 19, 2022** |
| ) | **MINUTE ORDER** |
| Defendants, ) |  |
| ) |  |
| and ) |  |
| ) |  |
| STATE OF LOUISIANA, *et al.* ) |  |
| ) |  |
| Defendant-Intervenors. ) |  |

Executive Order 14,008 directed the Department of the Interior to undertake a comprehensive review of oil and gas leasing and, to the extent consistent with applicable law, to pause new lease sales while that review was underway. *See* Exec. Order No. 14,008, Tackling the Climate Crisis at Home and Abroad, 86 Fed. Reg. 7,619 (Jan. 27, 2021). The Bureau of Ocean Energy Management ("BOEM"), which exercises the delegated authority of the Secretary of the Interior under the Outer Continental Shelf Lands Act ("OCSLA"), thus initially deferred holding Lease Sale 257. Following BOEM's announcement of that deferral, a court in the Western District of Louisiana preliminarily enjoined the Department of the Interior ("Interior") from implementing the pause directive in the Executive Order. The United States is currently appealing that injunction, arguing that the Department was not in violation of OCSLA or the Mineral Leasing Act when the Secretary exercised her discretion to review lease sales. The Western District of Louisiana specifically commented that Lease Sale 257—in its view—had been unlawfully rescinded. BOEM accordingly moved forward with Lease Sale 257 on November 17, 2021, and the government's appeal remains pending.

This case ensued, and in its January 19, 2022 Minute Order, this Court has asked Defendants Debra A. Haaland, Secretary of the Interior, *et al.*, two questions: (1) in the event that the Court remands the Record of Decision, and in the event that Interior thereafter decides to move forward with Lease Sale 257 after satisfying its obligations under the National Environmental Policy Act ("NEPA"), would Interior necessarily have to initiate a new closed bidding process, or would it have the discretion to reprocess the bids that have already been received?; and (2) to what extent would Interior's discretion be impacted by whether the remand is with or without vacatur? As discussed below, the Interior Secretary's substantial discretion as to the entire leasing process encompasses discretion as to the specific procedural issue the Court

identified. If the Court were to remand without vacatur, the Secretary retains ample discretion regarding the leasing process as a whole. If the Court remands with vacatur, Lease Sale 257 would be entirely negated, the bids received during the auction in November 2021 would be void and Interior would not be able to process those bids in the future, and the sale as constituted in November 2021 likely could not be held again. Defendants begin, though, with an update on the current status of the leasing process.

### 1. Status of Leasing Process

No leases have been awarded yet as a result of Lease Sale 257 and therefore none have become effective. Defendants previously expected to send copies of the leases to prospective lessees by around December 27, 2021. *See* Second Declaration of Bernadette Thomas ("Second Thomas Decl.") ¶ 7, ECF No. 58-1. Defendants now expect that some leases will be sent to prospective lessees during the week of January 24, 2022. *See* Third Declaration of Bernadette Thomas ("Third Thomas Decl.") ¶ 7. Once leases are provided to the prospective lessees, those lessees have eleven days to sign and return the leases along with required payments. *Id.* After the prospective lessees return the leases, BOEM reviews them to verify that the leases have been executed by an authorized individual, all required payments have been made, and the proper bond is in place. *Id.* ¶ 8. Upon verification, BOEM executes the leases, but the leases do not become effective until the first day of the following month. *Id.* ¶¶ 8, 9. Given that leases have not yet been sent to the lessees, it is likely that they will not be signed by the lessees and executed by BOEM prior to February 1, 2022, meaning that they will not become effective until March 1, 2022. *Id.* ¶ 9.

### 2. Interior's Discretion if the Court Remands Without Vacatur

Discretion over leasing decisions lies with the Secretary, as provided under OCSLA. If the Court remands without vacating Lease Sale 257, the Secretary would retain discretion over the leasing process, including, ultimately, whether to affirm or void Lease Sale 257. Moreover, if the Court were to remand to the Department consideration of Lease Sale 257, the Secretary has the authority to suspend any leases associated with that sale, thereby barring any potential activity under these new leases. BOEM's regulations implementing OCSLA specifically provide that the agency may suspend leases "[w]hen necessary to comply with judicial decrees prohibiting some or all activities under [a] lease." 30 C.F.R. § 585.417(a)(1). Such a suspension would remain in effect until the Secretary determines whether to affirm or to void Lease Sale 257.

During the remand, and while the leases are subject to any regulatory suspension, BOEM would perform any analysis necessary to address defects or violations identified by the Court, as well as any additional analysis that the Secretary may direct. For example, in connection with other leasing decisions, BOEM has prepared significant new analyses of impacts related to greenhouse gas ("GHG") emissions.[1] BOEM, among other things, would likely conduct such an analysis in a supplemental EIS, in a manner consistent with its draft analysis of GHG emissions in connection with proposed Lease Sale 258. *See* Defs.' Reply in Supp. of Mot. for Summ. J. at 8-11, ECF No. 65.

The Secretary would then decide what steps to take with regard to Lease Sale 257. Depending on the new NEPA analysis, then-current circumstances, and applicable law, the

---

[1] *See, e.g.,* BOEM, Lease Sale 258 Draft Environmental Impact Statement, Section 4.3.5 (Oct. 2021), *available at* https://www.boem.gov/sites/default/files/documents/oil-gas-energy/leasing/LS258-DEIS_0.pdf.

3

Secretary has the authority under OCSLA to exercise her discretion ranging from affirming the leases to voiding Lease Sale 257 and the associated leases in their entirety pursuant to a new Record of Decision. As to the specific question the Court asked, a bidding process would not be necessary because that bidding process has already taken place. Thus, remanding without vacating Lease Sale 257 would allow BOEM to remedy any NEPA or other violation(s) while still retaining the Secretary's discretion to affirm or void the lease sale. And if the sale is not vacated, the date of the sale for five-year program purposes would still be November 2021, well within the established 2017-2022 Five-Year Outer Continental Shelf Leasing Program.

      3.      **Effect of Vacatur**

The vacatur of the sale would remove any discretion that Interior has over Lease Sale 257 because it would entirely negate the sale. Vacatur would mean that the agency's leasing decision, and the actions resulting from it, are nullified. *See Allied-Signal, Inc. v. U.S. Nuclear Regulator Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993). Practically speaking, the agency would not issue or—if the leases had been issued, but not yet executed—not execute the leases, or, if necessary, void the leases. The agency would need to inform the lessees and refund the bonus bids that were paid during the initial bidding process. If Lease Sale 257 were vacated, Interior could not use the same bidding process even if it were to re-offer the sale at a later date, because vacatur would require any new sale to have a new bidding process. Also, if Lease Sale 257 were vacated, it is unlikely that it could be held again. Lease Sale 257 is the eighth in a series of offshore oil and gas lease sales proposed by BOEM as part of the 2017-2022 Five-Year Outer Continental Shelf Leasing Program. The five-year program expires at the end of June 2022. After that date, BOEM is not legally permitted to hold any lease sales under the 2017-

2022 five-year program. 43 U.S.C. § 1344(d)(3). Of course, the Secretary could consider the area covered by Lease Sale 257 as part of a new five-year program.

Respectfully submitted this 24th day of January, 2022,

>TODD KIM
>Assistant Attorney General
>Environment & Natural Resources Division
>
>*/s/ Luthe L. Hajek*
>LUTHER L. HAJEK
>Trial Attorney
>U.S. Department of Justice
>Environment & Natural Resources Division
>Natural Resources Section
>999 18th Street, South Terrace, Suite 370
>Denver, CO 80202
>Tel: (303) 844-1376; Fax: (303) 844-1350
>E-mail: luke.hajek@usdoj.gov
>
>Counsel for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 24th day of January, 2022, I filed the above pleading with the Court's CM/ECF system, which provided notice of this filing by e-mail to all counsel of record.


<u>/s/ *Luther L. Hajek*</u>
Luther L. Hajek